RUIZ, DEMANDANTE Y APELANTE, *v.* BRAVO, OPOSITOR
Y APELADO,

No. 3427.—*Visto:* Diciembre 18, 1924. *Resuelto:* Enero 23, 1925.

DIVORCIO—CORTE—JURISDICCIÓN—MEDIDAS PROVISIONALES MIENTRAS SE DECIDE EL DIVORCIO—*Habeas Corpus.*—Presentada por la esposa un recurso de *habeas corpus* ante la Corte de Distrito de Mayagüez para que ínterin resolvía la de Aguadilla el pleito de divorcio por abandono entablado contra la peticionaria, el esposo le entregara una hija legítima de ambos que retenía ilegalmente en Mayagüez, *se resolvió:* que la facultad de poner a los hijos bajo el cuidado de la esposa, a que se refiere el artículo 166 del Código Civil, así como la de regular las relaciones de familia de los cónyuges con sus hijos mientras dura el divorcio, correspondía a la Corte de Distrito de Aguadilla y no a la de Mayagüez, la que sólo podía resolver, por estar la niña en su jurisdicción, si estaba retenida ilegalmente por su padre.

SENTENCIA de *A. Acosta,* J. (Mayagüez), declarando sin lugar una solicitud de habeas corpus. *Confirmada en parte.*

*A. Nazario Lugo* y *L. Llorens Torres,* abogados de la apelante; *Benet & Souffront,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La apelante presentó en la Corte de Distrito de Mayagüez una solicitud de habeas corpus alegando que su esposo tenía presentada contra ella una demanda de divorcio por abandono en la Corte de Distrito de Aguadilla y que su marido retenía ilegalmente dentro de la jurisdicción de la Corte de Distrito de Mayagüez la custodia de una hija menor del matrimonio que corresponde a la peticionaria mientras se resuelve el divorcio por lo que solicitó que dicha niña le fuera entregada. Se opuso el padre a esa petición alegando no haber privado ilegalmente a la peticionaria de la custodia de su hija porque la conducta de la madre cometiendo adul-

terio y su intención manifestada de continuar cometiéndolo
la privan de todo derecho a tener a la niña en su compañía
y que en el pleito de divorcio está pendiente de resolverse
por la Corte de Distrito de Aguadilla una petición de la
madre para que la niña le sea entregada a la que se ha
opuesto el padre.    La Corte de Distrito de Mayagüez resol-
vió la contienda declarando sin lugar la entrega de la niña
a la peticionaria y decretando que la menor quede bajo la
custodia del padre mientras se resuelve el pleito de divor-
cio, sin perjuicio de que la peticionaria continúe las relacio-
nes de familia con su hija, las que limitó a una visita de una
hora el primer domingo de cada mes.    Contra esa sentencia
interpuso la peticionaria este recurso de apelación.

Dispone el artículo 222 del Código Civil que la patria
potestad sobre los hijos legítimos no emancipados corres-
ponde, en primer término, al padre, y en ausencia, impedi-
mento legal o muerte de éste, a la madre; y el artículo 223
que uno de los efectos de la patria potestad es el de tener
a los hijos en su compañía, por lo que no puede sostenerse
que el padre demandado en este procedimiento de *habeas
corpus* retenga ilegalmente a su hija bajo su custodia.

Es cierto que una de las medidas provisionales que pue-
den tomarse durante el pleito de divorcio, según el artículo
166 del mismo Código es que los hijos del matrimonio cuyo
cuidado provisional pidieran ambos cónyuges, sean puestos
bajo el cuidado de la mujer, mientras el juicio se sustancie
y decida a menos que concurran razones poderosas a juicio
de la corte de distrito para privar a la mujer del cuidado
de sus hijos en todo o en parte; pero esta cuestión así como
la de regular las relaciones de familia de uno u otro cón-
yuge con los hijos mientras dura el divorcio corresponde a
la Corte de Distrito de Aguadilla donde el pleito de divor-
cio se tramita, por ser una medida provisional del pleito, y
no a la Corte de Distrito de Mayagüez la que sólo podía re-
solver por estar la niña en su jurisdicción si estaba rete-
nida ilegalmente por su padre.    En verdad, el derecho que

pueda tener la madre en contraposición al primordial del padre a la custodia de la niña surgiría del pleito de divorcio, y por tanto si por él tiene derecho a la custodia de la niña o si debe ser privada de ella en virtud de razones poderosas son cuestiones de la competencia de la corte que conoce del pleito.

Por lo expuesto la sentencia apelada debe ser *confirmada solamente en cuanto declara sin lugar la petición de habeas corpus.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.